UNITED STATES of America

v.

Ned GERMANY.

Cr. No. 11515-N.

United States District Court
M. D. Alabama, N. D.

March 1, 1963.

Ben Hardeman, U. S. Atty., and J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Rufus M. King, Montgomery, Ala., court-appointed counsel for defendant.

JOHNSON, District Judge.

This cause is now submitted on the motion of Ned Germany filed herein on February 16, 1963, by and through the Honorable Rufus M. King, his court-appointed counsel, and on the reply of the United States filed herein on February 21, 1963, by and through the United States Attorney for this district. Upon consideration of said motion of the defendant and the reply of the United States, together with the representations of counsel made orally to this Court on February 21, 1963, this Court is of the opinion that all the matters raised in the motion of the defendant, Ned Germany, have by reason of the reply to said motion by the United States, become moot, except requests numbered 3(c) and (d), as follows:

(c) Order the U. S. Marshal, or other appropriate official, to make payment to the defendant's attorney for expense of travel and subsistence in interviewing the Jones negro and in interviewing the agent of the United States employing said Jones.

(d) Order the U. S. Marshal, or other appropriate official, to make payment to the defendant's attorney for travel and subsistence expenses in viewing the scene of the alleged crime.

From an examination of the motion, together with the reply of the United States, it appears that a person by the name of H. L. Jones, Route 1, Dozier, Alabama, was an informer in the case against Ned Germany and was present at certain material and relevant times during the commission of the alleged offense(s) against the laws of the United States by the said Ned Germany. It is

conceded by the United States in this case that H. L. Jones is a material witness in the case now pending against Germany. It is also noted that the United States does not contest the representation that Germany is indigent and unable to pay the reasonable expenses to be necessarily incurred by his court-appointed counsel.

■ For the reasons hereinafter appearing, this Court is of the opinion that the defendant Germany is entitled to have his court-appointed counsel furnished the necessary funds to reimburse him for expenditures necessarily and reasonably incurred by said counsel for traveling and for subsistence in interviewing H. L. Jones at Route 1, Dozier, Alabama, and, if necessary, the expenses reasonably incurred in taking the deposition of the said H. L. Jones, Route 1, Dozier, Alabama; and, further, that said counsel is entitled to reimbursement for the funds necessarily expended for his travel and subsistence in viewing the scene of the alleged crime, which scene is at or near Opp, Covington County, Alabama.

■ There is no question but that the Sixth Amendment to the Constitution of the United States, in providing that "[i]n all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense," requires that the assistance of counsel be more than a mere formal appointment or an empty gesture. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. These cases that require not only the formal appointment of counsel, but the appointment of competent counsel, effective counsel, and counsel that have "an opportunity" and "time" to prepare and present their indigent clients' cases, have been recognized time and again by the Supreme Court of the United States and the various circuit courts of appeal. See Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and Mitchell v.

United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, wherein numerous cases from the various courts of appeal are referred to, construing the question of what constitutes effective assistance of counsel. This Court believes that, without more, upon a certification of a court-appointed counsel for an indigent defendant to the effect that it is reasonably necessary for him to incur expenses for traveling and for subsistence in viewing the scene of the alleged crime and in interviewing material witnesses, the "effective assistance of counsel" mandate requires that the money for said reasonably necessary travel and subsistence expenses be made available to him by the United States. However, this Court believes that Rule 15(c) of the Federal Rules of Criminal Procedure bolsters the contention of the defendant, Ned Germany, in this case that his counsel is entitled to reimbursement for the expenses necessarily incurred by him in rendering "the effective" representation as required by the Sixth Amendment to the Constitution. Rule 15(c) provides:

"(c) Defendant's Counsel and Payment of Expenses. If a defendant is without counsel the court shall advise him of his right and assign counsel to represent him unless the defendant elects to proceed without counsel or is able to obtain counsel. If it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof, the court may direct that the expenses of travel and subsistence of the defendant's attorney for attendance at the examination shall be paid by the government. In that event the marshal shall make payment accordingly."

While it is true that Rule 15(c) does not expressly provide for expenses necessarily incurred by counsel in interviewing a witness whose testimony is material and necessary to the issues in the case and who has served as an informer for

the United States, and for the expenses necessarily incurred by counsel in viewing the scene of the alleged crime, the difference between taking a deposition (for which the rule provides payment) and the oral interview of a witness (for which the United States says there shall be no payment) is too fine a distinction for this Court to draw. In this connection, see 28 U.S.C.A. § 1915, which provides for the appointment of counsel for indigents, dispenses with the requirement that fees and costs, or security therefor, be prepaid, and, further, provides for the payment of the expenses of a stenographic transcript and the printing of the record on appeal; all in appropriate cases is to be paid for by the United States. See also 18 U.S.C.A. § 3005, which provides for counsel and witnesses in capital cases at the expense of the United States.

This Court concludes, and now holds, that effective representation in this case requires, upon a proper certification by the Honorable Rufus M. King, the court-appointed counsel for the defendant, Ned Germany, that he has incurred certain reasonable and necessary expenses for traveling and for subsistence in interviewing H. L. Jones, Route 1, Dozier, Alabama, and in viewing the scene of the alleged crime in Covington County, Alabama, that the United States Marshal for this district, upon this Court's approving said certification, reimburse said Rufus M. King for such expenditures.

It is, therefore, the ORDER, JUDGMENT and DECREE of this Court that the motion of Ned Germany filed herein on February 16, 1963, seeking to have this Court order and direct the United States Marshal for this district to reimburse Rufus M. King, the court-appointed counsel for said defendant, for expenses of travel and subsistence in interviewing H. L. Jones, Route 1, Dozier, Alabama, and in viewing the scene of the alleged crime in Covington County, Alabama, be and the same is hereby granted. The United States Marshal for this district is

ORDERED and DIRECTED to reimburse the said Rufus M. King, for said expenses of travel and subsistence upon the proper certification of said Rufus M. King that said expenses were actually incurred and were reasonable and necessary to his effective representation of the defendant, Ned Germany, and upon the written approval of the undersigned as Judge of this court.