**UNITED STATES of America**

v.

**Ned GERMANY.**

**Crim. No. 11515–N.**

United States District Court
M. D. Alabama, N. D.
April 19, 1963.

Ben Hardeman, U. S. Atty., and J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Rufus M. King, Montgomery, Ala., court-appointed atty., for defendant.

JOHNSON, District Judge.

This is a criminal case wherein the United States through an indictment returned to this Court on February 8, 1963, charges Ned Germany with violating the laws of the United States as those laws relate to the unlawful selling of nontaxpaid whiskey in violation of §§ 5205(a) (2) and 5604(a) of the Internal Revenue Code. Prior to the time Ned Germany was indicted and shortly after his apprehension, this Court, at his request, appointed the Honorable Rufus M. King, Attorney at Law of Montgomery, Alabama, to represent him in this case. This appointment was upon the representation of the said Ned Germany to this Court that he was without funds to employ and pay counsel. Shortly thereafter, it was made known to this Court that the defendant Germany was illiterate, with no formal education, and that he had not intelligently waived his preliminary hearing. This Court upon that showing and without objection on the part of the government, ordered one of the United States Commissioners for this district to conduct a preliminary hearing in this matter. The United States has not controverted the representation that Germany is illiterate and indigent.

After the preliminary hearing and on February 16, 1963, the defendant Germany, by and through his court-appointed counsel, moved this Court to:

(1) Order the U. S. Marshal, or other appropriate official, to make payment to the defendant's attorney for expense of travel and subsistence in interviewing the Jones negro and in interviewing the agent of the United States employing said Jones.

(2) Order the U. S. Marshal, or other appropriate official, to make payment to the defendant's attorney for travel and subsistence expenses in viewing the scene of the alleged crime.

Upon consideration of said motion of the defendant and the reply of the United States, together with the representations of counsel made orally to the Court, this Court by written order filed herein on March 1, 1963, 32 F.R.D. 343, found and held that H. L. Jones, Route 1, Dozier, Alabama, was an informer in the case now pending in this court against Ned Germany and that Jones was present at certain material and relevant times during the commission of the alleged offense against the laws of the United States by the said Ned Germany. It was conceded by the United States, upon said hearing of the motion of Germany, that H. L. Jones is a material witness in the case now pending against Germany. It was also noted in the order of this Court that the United States did not at that time contest the representation that Germany was indigent to the point of being unable to pay the reasonable expenses to be necessarily incurred by his court-appointed counsel in making appropriate and necessary investigations in order to properly and adequately defend the said Ned Germany in this case.[1] This Court in its written order of March 1, 1963, determined that Germany was entitled to have his court-appointed counsel furnished the necessary funds to reimburse him "for expenditures necessarily and reasonably incurred" for traveling and for subsistence in interviewing H. L. Jones at Route 1, Dozier, Alabama, and "if necessary, the expenses

---

1. The court records also reflect that Germany—even if he had the ability—cannot assist in locating and/or interviewing the witness since he has remained incarcerated on this charge—unable to post a $500 appearance bond.

reasonably incurred in taking the deposition of the said H. L. Jones."

This case, by order of this Court, was set for trial to commence at 9 a. m., Monday, April 15, 1963, or as soon thereafter as the business of the Court would permit. Subsequent to this Court's order of March 1, 1963, directing the United States through the United States Marshal for this district to reimburse the court-appointed counsel for said defendant for his reasonably necessary expenses for travel and for subsistence incurred as aforesaid, this Court has been informed by the United States Attorney for this district that the United States Government has no funds available with which to pay court-appointed counsel representing indigent defendants for the reasonable and necessary expenses for traveling and for subsistence in interviewing material witnesses and in viewing the scene of the alleged crime; specifically, the United States Department of Justice has refused to authorize the United States Marshal for this district to honor the order of this Court made and entered herein on March 1, 1963, wherein this Court ordered said Marshal to pay the court-appointed counsel in this case.[2]

There is no question but that the Sixth Amendment to the Constitution of the United States, in providing that "[i]n all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense," requires that the assistance of counsel be more than a mere formal appointment or an empty gesture. Powell v. Alabama, 287

U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. These cases that require not only the formal appointment of counsel, but the appointment of competent counsel, effective counsel, and counsel that have "an opportunity" and "time" to prepare and present their indigent clients' cases, have been recognized time and again by the Supreme Court of the United States and the various circuit courts of appeal. See Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, wherein numerous cases from the various courts of appeal are referred to, construing the question of what constitutes effective assistance of counsel. These cases have not dealt with the specific question now presented to this Court. However, a reasonable interpretation of the constitutional requirement that effective counsel must be provided indigent defendants and that said counsel must be provided the "opportunity" to prepare the case implies something more than "time." An essential ingredient to an attorney effectively representing a defendant in a criminal case, when it comes to determining whether that attorney has had an "opportunity" to investigate and prepare the case, is funds to pay the necessary and essential expenses of interviewing the material witnesses and in viewing the scene of the alleged crime. Funds in this sense, and within the issues now pre-

2. The records of this court also reflect that the Honorable Warren Olney III, as Director of the Administrative Office of the United States Courts by letter dated April 12, 1963, to the United States Department of Justice, acknowledged the suggestion of that department that the United States Courts consider reimbursing the court-appointed counsel in this case for expenses of transportation and subsistence incurred incident to the necessary investigation of the defense of Germany, but, at the same time, declined to make such reimbursement for the rea-

son that "we have neither the authority nor the appropriated funds to assume responsibility for the travel and subsistence expenses incurred or to be incurred by the attorney in the subject case * * *." It is interesting to note that he also stated in his letter: "I agree with Judge Johnson that the 'effective assistance of counsel' mandate of the Constitution would require that the United States reimburse a court-appointed attorney for expenses incurred in the representation of an indigent * * *."

sented to this Court, are not for the purpose of paying any portion of what a reasonable attorney's fee would be for the defense of the case. This Court believes that, without more, upon a certification of a court-appointed counsel for an indigent defendant to the effect that it is reasonably necessary for him to incur expenses for traveling and for subsistence in viewing the scene of the alleged crime and in interviewing material witnesses, the "effective assistance of counsel" mandate requires that the money for said reasonably necessary travel and subsistence expenses be made available to him by the United States. However, this Court believes that Rule 15(c) of the Federal Rules of Criminal Procedure bolsters the contention of the defendant, Ned Germany, in this case that his counsel is entitled to reimbursement for the expenses necessarily incurred by him in rendering "the effective" representation as required by the Sixth Amendment to the Constitution. Rule 15(c) provides:

"(c) *Defendant's Counsel and Payment of Expenses*. If a defendant is without counsel the court shall advise him of his right and assign counsel to represent him unless the defendant elects to proceed without counsel or is able to obtain counsel. If it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof, the court may direct that the expenses of travel and subsistence of the defendant's attorney for attendance at the examination shall be paid by the government. In that event the marshal shall make payment accordingly."

While it is true that Rule 15(c) does not expressly provide for expenses necessarily incurred by counsel in interviewing a witness whose testimony is material and necessary to the issues in the case and who has served as an informer for the United States, and for the expenses necessarily incurred by counsel in view-

ing the scene of the alleged crime, the difference between taking a deposition (for which the rule provides payment) and the oral interview of a witness (for which the United States says there shall be no payment) is too fine a distinction for this Court to draw. In this connection, see 28 U.S.C.A. § 1915, which provides for the appointment of counsel for indigents, dispenses with the requirement that fees and costs, or security therefor, be prepaid, and, further, provides for the payment of the expenses of a stenographic transcript and the printing of the record on appeal; all in appropriate cases is to be paid for by the United States. See also 18 U.S.C.A. § 3005, which provides for counsel and witnesses in capital cases at the expense of the United States.

This Court concludes, and now holds, that an effective legal representation in this case requires that the court-appointed counsel have funds made available to him, or have assurance that he will be reimbursed for funds necessarily expended for the reasonable and necessary expenses incurred for travel in interviewing H. L. Jones, Route 1, Dozier, Alabama, and in viewing the scene of the alleged crime in Covington County, Alabama. This Court further concludes, and now holds, that the failure and refusal on the part of the United States to provide said funds and its refusal to reimburse court-appointed defense counsel for the reasonable and necessary expenses incurred in interviewing a material and essential witness constitutes a denial of counsel within the meaning of the Sixth Amendment to the Constitution of the United States, and constitutes a denial of "assistance of counsel" and a denial of "effective assistance of counsel" within the meaning of the cases above cited which have interpreted this constitutional guarantee. For these reasons, it follows that this indigent defendant, presently incarcerated in the custody of the United States Marshal for this district, should be released and the in-

dictment presently pending against him in this case—for the defense of which the United States refuses to provide effective assistance of counsel—should be dismissed.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the indictment returned to this Court on February 8, 1963, charging the defendant, Ned Germany, in one count, with violating §§ 5205(a) (2) and 5604(a) of the Internal Revenue Code, be and the same is hereby dismissed.

It is the further order, judgment and decree of this Court that the said Ned Germany be and he is hereby discharged from the custody of the United States Marshal for this district.