**Donnie Ray McCORMICK, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 1239.**

United States District Court
W. D. Missouri,
Central Division.

Nov. 9, 1967.

Donnie Ray McCormick, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a convict confined in the Missouri State Penitentiary, Jefferson City, Missouri, has filed a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was found guilty by a jury after a plea of not guilty to an information charging him with first degree murder; that he was sentenced on March 17, 1967, to a life term of imprisonment by the Circuit Court of Ralls County, Missouri; and that he was represented by counsel at his arraignment and plea, at his trial, and at his sentencing.

Petitioner further states that neither a petition for state habeas corpus nor for state post-conviction relief under Missouri Criminal Rule 27.26, V.A.M.R. has been filed; that on July 11, 1967, the Missouri Supreme Court granted him leave to file an untimely notice of

appeal; that he presently has pending in the Circuit Court of Ralls County, Missouri, motions for the appointment of counsel on appeal and for a transcript of the trial court proceedings to use on appeal; that on September 11, 1967, the Missouri Supreme Court denied his "motion for temporary use of transcript on appeal"; and that he "was informed by the Clerk of the trial court that the transcript would be sent up to the Missouri Supreme Court 'sometime after the 10th of September' ".

The petition for a writ of federal habeas corpus also states the following:

" * * * petitioner has been denied use of the transcript of record on appeal, by the highest court of the State having jurisdiction, which is also the court having possession of said transcript, and having therefore exhausted state remedy comes before this Court with prayer for the relief requested or in the alternative for his discharge from a sentence which has become unconstitutional by virtue of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States." (sic)

On direct appeal of a Missouri state criminal conviction and of imposition of sentence, the "transcript on appeal shall be settled, prepared, served and filed in the manner provided for in civil cases * * * " Mo.Criminal Rule 28.08. In Missouri civil (and criminal) cases pending appeal, the transcript of the trial court's record is filed in the appellate court and with the clerk of the trial court. Mo.R.Civ.P. 82.12. It is, therefore, apparent that two copies of the transcript on appeal are, or will be, in existence, and that the Missouri Supreme Court is not the only Missouri state court having possession of a copy of the transcript on appeal.

■ The denial of the petitioner's "motion for temporary use of transcript on appeal" by the Supreme Court of Missouri may be predicated on a policy of denying requests for the release of documents or records which have been filed in that court in order to prevent their misplacement, loss, or destruction, which is a reasonable and lawful policy. It is noted that Section 485.100, RSMo 1959, V.A.M.S., provides that a copy of the transcript on appeal be furnished to the defendant (petitioner in this case) if the court is satisfied "that the defendant is unable to pay the costs of such transcript for the purpose of perfecting the appeal * * * " The defendant or his counsel or both have reasonable opportunities under Missouri practice to secure use of a transcript on appeal without withdrawing the copy thereof in the files of the Missouri Supreme Court. This section of the statutes has been held to apply only to the trial courts and not to the Missouri Supreme Court. State v. Willis, 386 S.W.2d 387 (Mo.Sup.Ct. 1965); State v. Charlton, 363 Mo. 370, 251 S.W.2d 82 (1952). Therefore, the Missouri Supreme Court did not violate petitioner's rights by denying petitioner's motion for temporary use of the transcript on appeal in its files.

■ The petitioner, by petitioning the trial court for the appointment of counsel on appeal, has followed the proper procedure to secure counsel to assist in his appeal. Mo.R.Crim.P. 29.01(c). When the trial court appoints counsel to represent the petitioner on appeal, appointed counsel will be able to secure the use of a transcript on appeal. (It is noted that at the present time petitioner has pending in the trial court a "motion for transcript on appeal.") Therefore, petitioner's state remedies to secure a copy of the transcript on appeal have not been exhausted on the facts alleged by the petitioner and no federal constitutional rights have been violated. For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus be, and it is hereby, dismissed without prejudice.