**STATE of Missouri, Respondent,**

v.

**Donnie Ray McCORMICK, Appellant.**

**No. 53157.**

Supreme Court of Missouri,
Division No. 2.

March 11, 1968.

Motion for Transfer to Court En Banc
Denied April 8, 1968.

Norman H. Anderson, Atty. Gen., Michael P. Riley, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Charles Clayton, Clarksville, Philip Schaper, Jr., Bowling Green, for appellant.

PRITCHARD, Commissioner.

The sole issue on this appeal is whether appellant was denied his constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States by reason of the trial court's refusal to grant his pretrial motion, made as a poor person, to take depositions and for stenographic services.

By the verdict of a jury appellant was found guilty of the commission of the crime of murder in the first degree. Having been found to be a second offender under § 556.280, RSMo 1959, V.A.M.S., appellant was sentenced by the court to imprisonment for life in the Department of Corrections.

Appellant's motion to take depositions and for free stenographic services therefor is to this effect: He moves the court to order and direct the court reporter or some other qualified stenographer or public stenographer, who is also a notary public, to take and transcribe the depositions of James M. Marshall, J. W. Lindsey, Robert Cashman, Shelby Ward, Henry A. Sweets, M.D., J. O. Mudd, Alberta Hoover, Maybelle Beuterbaugh, Gene Grammer, and John Wesley Penn, at the expense of the State of Missouri, or County of Pike. It was stated in the motion that appellant was charged with the crime of murder in the first degree; had pleaded not guilty thereto on his arraignment; that he did not in fact commit said crime and that it was necessary to properly prepare his defense that depositions be taken of each of said persons and of any other persons who might be endorsed as witnesses by the state; that he had no funds to employ a court reporter or stenographer; and that he is indigent. The motion was overruled on September 19, 1966, and the trial began on February 27, 1967. The persons named in the motion testified at the trial except J. W. Lindsey, Robert Cashman, and Maybelle Beuterbaugh.

Supreme Court Rule 25.10, V.A.M.R., provides: "A defendant in any criminal

case pending in any court may obtain the deposition of any witness to be used in such case conditionally." By the following Rule 25.11 it is provided that "the method of taking such depositions shall be governed by the statutes or rules applicable to civil actions, except as otherwise provided herein." See §§ 545.380, 545.390 and 545.400, RSMo 1959, V.A.M.S. The matter of the *right* of a defendant in a criminal case to take depositions has long been established by said statutes and rules. See Ex parte Welborn, 237 Mo. 297, 141 S.W. 31, 33 [1], "Since the defendant may have witnesses examined conditionally in his behalf exactly as in civil cases (section 5173, R.S.1909), save that a commission must issue, and since in civil cases a party to a pending suit 'may obtain the deposition of any witness, to be used in such suit, conditionally' (section 6384, R.S.1909), the commission under section 5173 issues on demand as a matter of right without any preliminary showing. The deposition of any, consequently every, witness may be taken, and the sole prerequisite to the issuance of a commission under section 5173 is that defendant desires one, and asks for it." Appellant did not ask for a commission to issue to take depositions, but the basic request addressed to the court is that the stenographic services for the taking and transcribing of the witnesses' testimony be paid for by the state or county. It was held upon this precise question in State v. Aubuchon, Mo., 381 S.W.2d 807, 812 [2–4], that "The taking of depositions at all, civil or criminal, is a privilege granted by the State and upon such terms as the State may fix. * * * The State of Missouri has done much over the years in furnishing an adequate defense to indigents in felony cases; more may remain to be done, *but the legislature has certainly not provided for the payment or advancement of the cost of defendant's depositions and the courts have no authority to order any such payment.*" (Italics added.) The federal case of United States v. Germany (U.S.D.C., Ala.), 32 F.R.D. 421, relied upon by appellant, had in it a

failure and refusal on the part of the United States to provide funds and to reimburse court-appointed counsel for the indigent defendant in interviewing a material witness, all pursuant to a court order made upon the express authority of Rule 15, Federal Rules of Criminal Procedure, U.S.C.A. That rule, 15(c), expressly provides that " * * * If it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof, the court may direct that the expenses of travel and subsistence of the defendant's attorney for attendance at the examination shall be paid by the government. In that event the marshal shall make payment accordingly." Missouri has no such rule, and at present there is a lack of legislative authority to provide funds for the purpose of taking depositions on behalf of an indigent defendant.

While the motion was granted in the Germany case, supra, it has been held that a motion made under Rule 15 is addressed to the discretion of the trial court; that it is to be granted only in "exceptional situations"; that the moving party has the burden of demonstrating the availability of the proposed witnesses and their willingness to appear; the materiality of the testimony which it is expected they will give; and that injustice will result if the motion is denied. United States v. Whiting (C.A. N.Y.1962), 308 F.2d 537, 541 [4, 5], cert. den. 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed. 2d 725.

Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, also relied upon by appellant, concerns only the furnishing of a transcript of the record to an indigent defendant, which transcript was necessary for him to present on appeal alleged prejudicial errors occurring during trial.

Appellant has not shown how he was or could have been prejudiced by the refusal of the trial court to provide free stenographic services in the taking of depositions. Upon the positive and strong testi-

**64**

mony concerning his commission of the alleged crime of first degree murder, it is not suggested how that testimony could have been refuted, impeached, or lessened in effect or that injustice resulted by denial of the motion. And of significance is the fact that appellant did not exercise his right to submit interrogatories to witnesses under the provisions of Supreme Court Rule 25.11, V.A.M.R.

Complied with are matters specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.