646

Donnie Ray McCORMICK, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

No. N71 C 13.

United States District Court,
E. D. Missouri, N. D.

June 6, 1971.

Donnie Ray McCormick, pro se.

John C. Danforth, Atty. Gen., State of Missouri, Kenneth M. Romines, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

Petitioner, presently confined in the Missouri State Penitentiary, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri, which granted leave to proceed in forma pauperis and transferred the cause to this Court pursuant to 28 U.S.C. § 2241. This Court issued a show cause order and a response thereto has been filed.

Petitioner states that he was convicted by a jury in the Circuit Court of Ralls County of first degree murder; that he was sentenced on that conviction on March 17, 1967, to a term of life imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the Missouri Supreme Court affirmed the judgment of the trial court on appeal (State v. McCormick, Mo., 426 S.W.2d 62); that thereafter a petition for certiorari was denied in the United States Supreme Court (394 U.S. 930, 89 S.Ct. 1199, 22 L.Ed.2d 460); that he subsequently filed a motion to vacate his sentence under Rule 27.26, V.A.M.R. in the Circuit Court of Ralls County and the motion was denied; that he appealed the denial of the motion to the Missouri Supreme Court; that the Missouri Supreme Court affirmed the denial by the trial court on February 8, 1971 (McCormick v. State, Mo., 463 S.W.2d 789 (1971)); that he has filed a prior petition in federal court for habeas corpus, which was dismissed without prejudice on November 9, 1967, for failure to exhaust state remedies (See McCormick v. Swenson (W.D.Mo.), 276 F.Supp. 110); and that he has been represented by counsel at his arraignment and plea, his trial, his sentencing, on direct appeal, and on his postconviction motions.

Petitioner states the following as grounds for his contention that he is being held in custody unlawfully:

"(a) Petitioner was denied Due Process and Equal Protection of the law as secured by the 6th and 14th Amendments to the United States Constitution because the Supreme Court of Missouri upheld the trial court's refusal to grant his pre-trial motion, as a poor person, to take depositions and for stenographic services, which services and depositions are provided as a matter of course to those able to pay.

"(b) Petitioner was further denied due process of the law because the Missouri Supreme Court failed to properly apply the federal standards enunciated in Pate v. Robinson, 383 U.S. 374 [375, 86 S.Ct. 836, 15 L.Ed. 2d 815] (1966) and Brizendine v. Swenson, 302 F.Supp. 1011 ([D.C.] 1969)."

The official reports of the Missouri Supreme Court on petitioner's direct appeal and on the affirmance of the denial of petitioner's Rule 27.26 motion show that ground (a) was raised by petitioner in the Missouri Supreme Court on direct appeal and that ground (b) was raised in that court on the appeal from the denial of the Rule 27.26 motion. Petitioner has exhausted his state remedies.

In this case, no evidentiary hearing is required. There are no facts in dispute. Petitioner's contentions involve matters of law only. In addition, the Court is of the opinion that the Supreme Court of Missouri applied the proper federal standards, as evidenced by the complete and thorough opinions of that Court, in determining the issues here presented.

Petitioner's first contention is that he was denied due process when the trial court denied his pre-trial motion for the taking of depositions and the providing of stenographic services at the expense of the state. In its opinion,

State v. McCormick, 426 S.W.2d 62 (Mo.1968), the Supreme Court of Missouri correctly noted that due process requirements do not dictate that the State must bear the cost of the taking of depositions and the providing of stenographic services. State v. Aubuchon, 381 S.W.2d 807 (Mo.1964). There is no statutory provisions in Missouri which would provide a basis for relief for petitioner.

The procedure for the taking of depositions in federal criminal proceedings is set out in Rule 15, Federal Rules of Criminal Procedure. However, under Rule 15, the defendant is not entitled to the taking of depositions as a matter of right, and such depositions are not allowed for discovery purposes. It has been said that a request to take depositions in a criminal matter is to be granted only in "exceptional circumstances". United States v. Whiting, 308 F.2d 537 (2d Cir.1962), cert. denied, Crowe v. United States, 372 U.S. 909, 83 S.Ct. 722, 9 L.Ed.2d 718; Wright, Federal Practice and Procedure, § 241 (1969).

■ In petitioner's motion, he stated as grounds for the motion that he was charged with the crime of murder in the first degree, that he had pleaded not guilty, that he did not commit the crime; that it was necessary to properly prepare his defense; that the depositions of each of certain named persons be taken, and any other person designated as a witness by the state; and that he is indigent. Petitioner did not present circumstances so exceptional that the taking of depositions, under federal standards, would be required.

In addition, the case of Griffin v. Illinois, 351 U.S. 12 (1955), has not been extended to reach the result requested by the petitioner. The case of United States v. Germany, 32 F.R.D. 421 (D.C. Ala.1963) is likewise inapplicable.

■ Petitioner's second claim is that he was denied a fair trial and equal protection of the law in that the trial court refused to hold a hearing on the matter of his competency to stand trial, under the provisions of 552.020 RSMo.1969, V. A.M.S. Relying on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969), the petitioner claims that the Missouri Supreme Court did not apply the proper federal standards. The Court disagrees.

With respect to the judicial determination of appellant's competency to stand trial, the trial court made the following findings and conclusions:

"Early in this case, and while defendant was still in the Pike County jail and on the 19th day of September, 1966, defendant's appointed attorneys filed a motion for examination of defendant as to his mental competency. That motion was sustained and defendant was sent to Fulton State Hospital October 13, 1966, for examination pursuant to the provisions of Section 552.020. Without giving all the details, suffice it to say that the report of the hospital was filed in Court January 7, 1967, and found that defendant had no physical defects, was oriented for time, place and person, his memory unimpaired, he was quite alert, with an IQ of 79. He displayed no evidence of mental disease; was clear and coherent in speech; had no mental disease or defect within the meaning of Section 552.010; had the capacity to understand the proceedings against him and could assist in his own defense; that the accused did know and appreciate the nature, quality and wrongfulness of his conduct. The report concluded by recommending he be returned to the jurisdiction of the Circuit Court for final disposition of the charges against him. Prior to this report there was no suggestion that defendant had a mental disease or defect. No friend or member of his family ever made such claim. Copies of the report were furnished to the attorneys for defendant and to the Prosecuting Attorney. The defendant did not make a written request for an order granting an examination of the accused by a physician of his own choosing and at his ex-

pense. Defendant's counsel knew of no reason to contest the opinion of the Doctors of the Hospital. Therefore the trial court made a determination and finding of record on the basis of the report filed by the Hospital, as follows and as appears in the Judge's docket:

" 'Feb. 27, 1967. Neither the State nor the accused nor defendant's counsel having contested the findings of the report made and filed under Section 552.020, the Court finds, on the basis of the report, that the accused is mentally fit to proceed with the trial.' "

Appellant did not challenge the finding that the trial court did make a determination of record that appellant was competent to proceed. The issue presented to the Supreme Court by way of appeal was whether the trial court must of necessity, *sua sponte*, make such a determination only after a full evidentiary hearing. The manner in which the trial court made its determination of appellant's fitness to proceed in the instant case is in complete compliance with the requirements of Section 552.020, RSMo. 1969.

The Court notes that Title 18, U.S.C. A., Section 4244, provides for a procedure similar to Section 552.020, RSMo. 1969. In fact, there is no significant difference between the Missouri procedure, which provides for a psychiatric examination, than that provided for in Title 18. See: Manning v. United States, 371 F.2d 811 (10th Cir.1967), cert. denied 387 U.S. 924, 87 S.Ct. 2041, 18 L.Ed.2d 980; Krupnick v. United States, 264 F.2d 213 (8th Cir.1959); Wright, Federal Practice and Procedure, § 196 (1969).

Both the *Pate* case and the *Brizendine* case are factually distinguishable from the present case, and the Court finds them to be inapplicable.

The Missouri Supreme Court has correctly applied the proper federal standards. Accordingly, the petition for writ of habeas corpus will be denied without a hearing.