**Donnie Ray McCORMICK, Plaintiff,**

v.

**Frances G. ROSS, Individually and in the Capacity as Clerk of the Circuit Court of Ralls County, New London, Missouri, et al., Defendants.**

**No. N74–8C.**

United States District Court,
E. D. Missouri, N. D.

July 5, 1974.

Donnie Ray McCormick, pro se.

John M. McIlroy, Sr., Bowling Green, Mo., for defendants, Ross, Briscoe and Millan.

Gerard F. Hempstead, Evans & Dixon, St. Louis, Mo., for defendant Millan.

### MEMORANDUM

NANGLE, District Judge.

This action is before the Court upon the joint motion of the defendants to dismiss or, in the alternative, for summary judgment. Both the plaintiff and the defendants have submitted affidavits and exhibits in support of their positions.

Plaintiff Donnie Ray McCormick, a Missouri state prisoner, alleges that he was convicted of first degree murder in the Missouri courts on February 28, 1967, upon an illegally altered or amended information. The conviction was affirmed on appeal. State of Missouri v. McCormick, 426 S.W.2d 62 (Mo.1968), cert. den., 394 U.S. 930, 89 S.Ct. 1199, 22 L.Ed.2d 460 (1969). Defendants are Frances G. Ross, Clerk of the Circuit Court of Ralls County; John W. Briscoe, Ralls county prosecutor; and James Millan, Pike County prosecutor. Suit is brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for damages, and injunctive and declaratory relief.

In October, 1966, the subject criminal action against plaintiff was transferred from the Circuit Court of Pike County to the Circuit Court of Ralls County. Defendant Ross, by her affidavit, states that at the time the action was transferred plaintiff was charged by an information executed by defendant Millan that alleged in part as follows:

> defendant, on the 6th day of May A.D. 1966, at the said County of Pike did then and there unlawfully, willfully, feloniously, premeditatedly, deliberately, on purpose, and of his malice aforethought did make an assault upon one Gilmer Fontaine Meriwether (sic) with a fist and a foot and then and there, feloniously, willfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did strike, knock, kick, hit and beat with great force and violence at and upon the body of the said Gilmer Fontaine Meriweather and did then and there, feloniously, willfully, premeditatedly, [deliberately, on purpose and of his malice aforethought][1] did push and throw the said body of the said Gilmer Fontaine Meriweather into a well containing several feet of cold water thereby causing the said Gilmer Fontaine Meriweather to go

---

1. Brackets added.

immediately into shock and get a spasm of the larynx, become helpless and to instantly die on the said 6th day of May, 1966.

On January 20, 1967, the Circuit Court of Ralls County permitted the filing of an amended information that added allegations of prior convictions.

After his conviction, by letter of May 11, 1967, plaintiff requested a copy of the trial transcript from defendant Ross. She responded by sending plaintiff a typewritten copy of an information and a copy of the sentence and judgment. Her records do not show whether she sent a copy of the original information or a copy of the amended information. Plaintiff asserts by affidavit, supported by exhibit, that he received a typewritten copy of the original information and that this copy deleted the words bracketed in the quotation set out above. Defendant Ross asserts that, when plaintiff's request for a copy of the records was received, her office had to make manually typewritten copies and that any variance between the copy plaintiff received and the original information quoted above was a scrivener's error.

■ Defendant Millan states by affidavit that the original information executed by him against plaintiff included the words "deliberately, on purpose and of his malice aforethought", as bracketed above. Kenneth A. Scott, Clerk of the Circuit Court of Pike County, also states by affidavit, that the original information filed against plaintiff by defendant Millan contained the subject language.

Plaintiff attempts to create a factual issue as to whether or not the original information included the words "deliberately, on purpose and of his malice aforethought" by merely denying in his affidavit without factual basis that defendants' copy of the original indictment is correct. Rule 56(e), Federal Rules of Civil Procedure, states in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Plaintiff's affidavit does not give any factual reason for casting doubt upon defendants' assertion that the deletion in the copy sent to plaintiff resulted from a scrivener's error. His mere factually unsupported denial is insufficient. The Court will grant defendants' motion for summary judgment. Fed.R.Civ.Pro. 56(c).

■ An alternative basis for dismissing plaintiff's claim against defendant Briscoe is Briscoe's unopposed affidavit stating that he did not become the prosecuting attorney of Ralls County until April 1, 1972, and that he has no personal knowledge of any of the facts alleged by plaintiff.