AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

SIITU SANERIVI, aka LUAPENE, Defendant
_____

AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

WEI KI FANG, Defendant

High Court of American Samoa
Trial Division

CR No. 06-03
CR No. 07-03

June 10, 2003

Before KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Marcellus T. Uiagalelei, Asst. Attorney General
For Defendants, Sharron I. Rancourt, Asst. Public Defender

Defendants bring this motion for funding to interview witnesses in (Independent) Samoa. Defendants have been declared indigent and have been appointed public counsel. Their motion, therefore, falls under the ambit of AM. SAMOA REV. CONST. art. 1 § 6, which provides every defendant with the right to have the effective assistance of counsel. *See generally Suisala v. Moaali'itele*, 6 A.S.R.2d 15 (1987) (incorporating Federal effective assistance of counsel standard); A.S.C.A. §§ 46.0502 and 46.1001.

■ The effective assistance of counsel requires a State or Territory to "take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985).

> [M]ere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and . . . a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw material integral to the building of an effective defense.

*Id.* at 77. In order to comply with this minimal due process requirement, we must assure that the "'basic tools of an adequate defense' [are] provided to those defendants who cannot afford to pay for them." *Id.* (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)).

■ One basic tool of an adequate defense "is funds to pay the necessary and essential expenses of interviewing the material witnesses." *United States v. Germany*, 32 F.R.D. 421, 423 (1963) (interviewing witnesses is "an essential ingredient to an attorney effectively representing a defendant in a criminal case"); *United States v. Prods. Mktg.*, 281 F. Supp. 348, 352 (D. Del. 1968). It would be fundamentally unfair for a defendant to forego this basic tool of trial preparation on account of wealth (or lack of). Therefore, we agree with defendants that Article 1 § 6 of the Territorial Constitution guarantees them this right.

One impediment, however, is that funding for these expenditures is limited. This is especially problematic in American Samoa, where an overwhelming majority of defendants rely on public counsel. We do not have a funding scheme like they have, for example, at the federal level under the Criminal Justice Act of 1964, 18 U.S.C. 3006A, and administered through local court rules and orders. *See, e.g., Criminal Justice Act Plan, Eastern District of California*; Order 2, Criminal Justice Act Plan of the United States District Court for the Northern

District of California Pursuant to the Criminal Justice Act of 1964, as amended.

 Therefore, we cannot grant these motions outright. Generally, before approving funding, we must require a defendant to show "why the requested services are 'necessary' to an adequate defense and what the defendant expect[s] to find by using the services." *United States v. Gonzalez*, 150 F.3d 1246, 1251 n.4 (10th Cir. 1998) (articulating standard under the Criminal Justice Act); *United States v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990). A determination of what is "necessary" should not be overly rigid as long as "a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *United States v. Hartfield*, 513 F.2d 254, 257 (9th Cir. 1975) (quoting *United States v. Bass*, 477 F.2d 723, 725 (9th Cir. 1973)). Based on the affidavit submitted by counsel and the evidence from the hearing, we find that the defendants have presently met this burden.[1] Among other things, the Attorney General has access to a number of potential witnesses who are currently in Samoa. The Public Defender's request is reasonable.

We grant their motion for funding.[2]

It is so ordered.

---

[1] Additionally, these sort of motions could be considered *ex parte*, so as not to cause the defendant to reveal his defense. *See Am. Samoa Gov't v. Petaia*, CR No. 39-99, Order Granting Motions for Public Funds to Hire Expert Witness (Trial Div. March 2, 2000); *United States v. Greschner*, 802 F.2d 373, 379-80 (10th Cir. 1986). Though the present motion was heard in open court in an adversarial forum, there was no prejudice to the defendants as they did not reveal anything of strategic importance.

[2] Though it is not entirely clear from where these funds will come, it is apparent that the Public Defender's office does not have adequate resources for conducting investigations off-island or for other reasonably necessary trial expenses such as expert witnesses. *See Petaia, supra*, note 1. The Public Defender's office receives only $249,500 a year or roughly less than 0.1% of ASG's total budget. *See* P.L. 27-25 (2002). Far be it for us to suggest to the Fono how best to appropriate this type of funding. Various options are available, such as mimicking the federal system or giving the Public Defender's office more money in their annual budget. But, one way or another, this funding must be made available as it is necessary to comply with the Constitution's guarantee of representation.