**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**SIITU SANERIVI, aka LUAPENE, Defendant.**

High Court of American Samoa
Trial Division

CR No. 06-03

July 9, 2003

Before KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Marcellus T. Uiagalelei, Assistant Attorney
General
For Defendant, Sharron I. Rancourt, Assistant Public Defender

### ORDER GRANTING MOTION FOR PUBLIC FUNDS TO INVESTIGATE WITNESSES

Defendants bring this motion for funding to interview witnesses in (Independent ) Samoa. Defendants have been declared indigent and have been appointed public counsel. Their motion, therefore, falls under the ambit of AM. SAMOA REV. CONST. art. 1 § 6, which provides every defendant with the right to have the effective assistance of counsel. *See Suisala v. Moaali'itele*, 6 A.S.R.2d 15 (Trial Div. 1987) (incorporating

Federal effective assistance of counsel standard); A.S.C.A. §§ 46.0502 and 46.1001.

■ The effective assistance of counsel requires a State or Territory to "take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985).

> [M]ere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and [] a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw material integral to the building of an effective defense.

*Id.* at 77. In order to comply with this minimal due process requirement, we must assure that the "'basic tools of an adequate defense' [are] provided to those defendants who cannot afford to pay for them." *Id.* (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)).

■ One basic tool of an adequate defense "is funds to pay the necessary and essential expenses of interviewing the material witnesses." *U.S. v. Germany*, 32 F.R.D. 421, 423 (1963) (interviewing witnesses is "an essential ingredient to an attorney effectively representing a defendant in a criminal case"); *U.S. v. Products Marketing*, 281 F.Supp. 348, 352 (D. Del. 1968). It would be fundamentally unfair for a defendant to forego this basic tool of trial preparation on account of wealth (or lack thereof). Therefore, we agree with defendants that Article 1, Section 6 of the Territorial Constitution guarantees them this right.

One impediment, however, is that funding for these expenditures are limited. This is especially problematic in American Samoa, where an overwhelming majority of defendants rely on public counsel. We do not have a funding scheme like they have, for example, at the federal level under the Criminal Justice Act of 1964, 18 U.S.C. 3006A, and administered through local court rules and orders. *See, e.g.,* Criminal Justice Act Plan, Eastern District of California; Order 2, Criminal Justice Act Plan of the United States District Court for the Northern District of California Pursuant to the Criminal Justice Act of 1964, as Amended.

■ Therefore, we cannot grant these motions outright. Generally, before approving funding, we must require a defendant to show "why the requested services are 'necessary' to an adequate defense and what the defendant expect[s] to find by using the services." *U.S. v. Gonzalez*, 150 F.3d 1246, 1251 n.4 (10th Cir. 1998) (articulating standard under the Criminal Justice Act); *U.S. v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990). A determination of what is "necessary" should not be overly rigid as long as "a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *U.S. v.*

*Hartfield*, 513 F.2d 254 (9th Cir. 1975) (quoting U.S. v. Bass, 477 F.2d 723, 725 (9th Cir. 1973)). Based on the affidavit submitted by counsel and the evidence from the hearing, we find that the defendants have presently met this burden.[1] Among other things, the Attorney has access to a number of potential witnesses who are currently in Samoa. The Public Defender's request is reasonable.

We grant their motion for funding.[2]

It is so ordered.

___

[1] Additionally, these sorts of motions could be considered *ex parte*, so as not to cause the defendant to reveal his defense. *See U.S. v. Greschner*, 802 F.2d 373, 379-80 (10th Cir. 1986); *ASG v. Petaia*, CR No. 39-99 (Trial Div. March 2, 2000) (order granting motions for public funds to hire expert witness). Though the present motion was heard in open court in an adversarial forum, there was no prejudice to the defendants as they did not reveal anything of strategic importance.

[2] Though it is not entirely clear from where these funds will come, it is apparent that the Public Defender's Office does not have adequate resources for conducting investigations off-island or for other reasonably necessary trial expenses such as expert witnesses. *See Petaia*, CR No. 39-99. The Public Defender's Office receives only $249,500 a year or roughly less than 0.1% of ASG's total budget. *See* P.L. 27-25 (2002). Far be it from us to suggest to the Fono how best to appropriate this type of funding. Various options are available, such as mimicking the Federal System or giving the Public Defender's Office more money in their annual budget. But, one way or another, this funding must be made available as it is necessary to comply with the Constitution's guarantee of representation.